UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                      **Hon. Hugh B. Scott**

          v.

                                                                       08CR186A

                                                                         **Order**

JEROME CROSBY, et al.,

                Defendants.

     This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 8, Aug. 8, 2008).

     The instant matters before the Court are the remaining defendants' separate omnibus motions (Docket Nos. 292 (Jerome Crosby), 257 (Patrick Perry), 249 (Wallace Peace), 182 (David Degree), 160 (Sean Williams), 165, 282 (Victor Gaston, latter a joinder motion), 122 (Demetrius Degree), 277, 286 (David Long, latter a joinder motion))[1], and other defendants filed

---

[1] Some of the defendants have entered pleas following the filing of their respective motions. Defendant Amos Dean also moved for relief, Docket Nos. 239, 290, but later entered into a plea agreement, see United States v. Dean, No. 08CR212, Docket No. 24; as did Terry Izzard, Docket Nos. 183 (motion), 325 (plea agreement); Prentis Hinton, Docket Nos. 246 (motion), 440 (plea agreement); William Putnam, Docket Nos. 248 (motion), 476 (plea agreement); Shawn Stevenson, Docket Nos. 152 (motion), 354 (plea agreement); Mario Vance, Docket Nos. 170, 171, 173 (motions), 353 (plea agreement); Christopher Adams, Docket Nos. 150 (motion), 393 (plea agreement); Khaled Wiley, Docket Nos. 77 (motion), 575 (plea agreement); Woodie Johnson, Docket Nos. 297, 300-305 (motions), 500; Anthony Watkins, Docket Nos. 252, 290 (motion), 482 (plea agreement); Marcus Gaskin, Docket Nos. 285 (motion), 463 (plea agreement).

motions joining in these (Docket Nos. 288 (Victor Peoples), 187 (Demetrius Johnson), 277 (Darryl Parker)) which seeks various discovery and disclosure relief. The Court separately decided the omnibus motion for William Putnam (Docket No. 475) and the supplemental discovery notice motion for Wallace Peace (Docket No. 596).

Separately, some defendants have moved to suppress or dismiss counts (or joined in those motions)[2] and those motions have been (Docket Nos. 408 (Peace R&R), 419 (Peace Order adopting R&R); 474 (Putnam R&R), 485 (Putnam Order adopting R&R)) or will be addressed in separate Reports and Recommendations (Docket No. 623).

The Government has filed responding papers (Docket No. 314) and oral argument was heard on January 8, 2010. At that argument, evidentiary hearings were ordered for February 8, 2010, on some of the motions (text of minute entry Jan. 8, 2010). This Order awaited the resolution of other defendants' motions.

## BACKGROUND

This case involved 30 defendants (29 of whom are now before this Court) arising from a Drug Enforcement Administration and Buffalo Police Department investigation of alleged drug trafficking and related criminal activities of Wallace Peace, Patrick Perry, and Jerome Crosby in the spring of 2008.

The Government characterizes (see Docket No. 314, Gov't Response at 2) this case as arising from an extensive narcotics trafficking investigation, where the grand jury initially

---

[2]Docket Nos. 292 (Jerome Crosby), 256 (Patrick Perry), 250 (Wallace Peace), 160 (Sean Williams), 246 (Prentis Hinton), 248 (William Putnam), 165, 282 (Victor Gaston, latter a joinder motion), 151 (Khaled Wiley), 122 (Demetrius Degree), 298-99 (Woodie Johnson), 252, 290 (Anthony Watkins, the latter a supplemental motion); joinder motions, Docket Nos. 288 (Victor Peoples), 187 (Demetrius Johnson), 277 (Darryl Parker), 285 (Marcus Gaskin).

returned an 86-count Indictment (Docket No. 1) against 27 defendants. Later that Indictment was superseded by the present 109-count Indictment (Docket No. 190) against 30 defendants.[3] Most of the counts (Counts 2-92) in the Superseding Indictment are violations of 21 U.S.C. § 843(b), using a communications facility (a telephone) in causing and facilitating the commission of acts constituting possession with intent to distribute, distribution, and conspiracy to distribute cocaine and cocaine base, listed in the Indictment as a table of defendants, the dates and times of their alleged felonious conversations (hereinafter the "telephone counts").

In April 2008, the Drug Enforcement Administration ("DEA") with the Buffalo Police Department investigated the criminal activities of Peace and his alleged criminal associates (Docket No. 314, Gov't Response at 3). In June and July of that year, Buffalo Police officers and DEA agents obtained New York State eavesdrop orders for telephones used by Peace, Patrick Perry and Crosby, whom the Government contends are the lead defendants in this case (id. at 3, 2). The Government contends that the evidence would show that Peace headed "an active cocaine distribution organization operating in and around Buffalo," that he handled day-to-day distribution as well as directing a group of youths to conduct home invasions and robberies of rival drug dealers (id. at 4). Peace also allegedly trafficked in weapons and contacted other drug suppliers, such as Patrick Perry (id. at 4-5). The investigation revealed that Patrick Perry had a supplier by the name of Jerome Crosby who had been traveling to New York City in June and July 2008 to acquire kilogram quantities of cocaine (id. at 5). Arrest and search warrants were executed on July 29, 2008 (id.).

---

[3]One defendant from the initial Indictment, James Jackson, had that Indictment dismissed as to him, Docket No. 3, and was not charged in the Superseding Indictment. Due to a conflict, another defendant, Antoine Callahan, appeared before Magistrate Judge Schroeder.

Some of the defense motions were filed under the initial Indictment and were renewed when the Superseding Indictment was filed.

**DISCUSSION**

As noted by the Government (Docket No. 314, Gov't Response at 2, 5-6), the various defense motions draw, with varying degrees, upon each other, in particular from the motions of Jerome Crosby (Docket No. 292), Patrick Perry (Docket No. 257), and Wallace Peace (Docket No. 249). They will be addressed generally (since either most defendants have moved for the same or similar relief or joined in codefendants' motions), with the occasional specific reference to relief that a defendant may have sought. The disposition of these motions will be similar to the decision rendered on Putnam's motion (Docket No. 475). Also, where defendants who have entered pleas of guilty made a motion that was joined by joined by defendants still in the case, the latter defendant will be noted.

I.     Bill of Particulars

First, most of the defendants move for the filing of Bills of Particulars as to their respective roles in this case. For example, Wiley contends that he is alleged in four telephone counts where each of these calls were innocent conversations. The Government rejects the necessity for Bills, arguing that "very liberal" discovery has been provided to each defendant (and to be provided during the course of this case), the straight forward nature of the case (albeit extensive given the number of defendants named) and that particularization has not been adequately sought and is unnecessary here (Docket No. 314, Gov't Response at 10-16).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant

from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  United States v. Torres, 901 F.2d 205 (2d Cir. 1990).  The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in conspiracy cases.  United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

As noted in addressing Putnam's Motion granting him particularization (Docket No. 475, Order at 5), Count 1 alleges that the defendants did knowingly, willfully, and unlawfully combine, conspire, and agree together with others, known and unknown, to possess with intent to distribute quantities of cocaine (Docket No. 190, Superseding Indict.).  Nowhere does it allege the means, locations (save within this District and "elsewhere"), or the role of any particular defendant (or the unnamed others) in this conspiracy.  The next ninety-one counts lists telephone conversations among the named defendants in furtherance of the possession of cocaine for distribution, with subsequent counts alleging individual defendants' possession of weapons while engaging in drug transactions or possession of weapons by convicted felons (id., Counts 93-108), or making financial transactions with proceeds from illegal activities (id., Count 109).  Count 1 presents a vague allegation of a conspiracy.  Defendants' particularization requests involve unnamed persons and events that occurred outside of this District, two areas of potential surprise at trial.

Upon review of the Indictment, the Court finds that defendants **are entitled** to a Bill of Particulars as to the identity of known unindicted co-conspirators, the location of events that occurred outside of this District, how any particular telephone conversation alleged in the telephone counts committed, caused, or facilitated the commission of drug felonies; defendants' motions are **granted**.

II.   Discovery

The defendants seek various items of pretrial discovery.  Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters.  For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment.  In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

    A.   Statements

Pursuant to Rule 16(a)(1)(A), the defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the

defendant before the grand jury which relates to the offense charged.[4]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. <u>Clewis v. Texas</u>, 386 U.S. 707 (1967).

In this case, the Government has represented generally that extensive discovery has been furnished and further disclosure is not necessary (Docket No. 314, Gov't Response at 11).  To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendants.

B.   Statements of Co-Conspirators

The defendants have also requested production of all statements of any co-conspirator, whether charged or uncharged.  This request is **denied**.  It is well established that the statements of co-conspirators are not discoverable under Rule 16(a). <u>In re United States</u>, 834 F.2d 283, 286 (2d Cir. 1987); <u>United States v. Percevault</u>, 490 F.2d. 126 (2d Cir. 1974); <u>United States v. Green</u>, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.).  The Jencks Act provides the exclusive procedure for discovering statements that Government witnesses have given to law enforcement agencies.  <u>United States v. Covello</u>, 410 F.2d 536, 543 (2d Cir.), <u>cert. denied</u>, 396 U.S. 879 (1969).

C.   Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendants also seek production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of

---

[4]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500 (the Jencks Act).

the Government. The items **must be turned over to the defense**, to the extent these items have yet to be produced.

      D.      Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendants have requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the indictment. The Government has responded that "[a]ll laboratory tests involved in this case have been disclosed."

The Court assumes that the Government's production has satisfied the defendants' request in this regard.

      E.      Rule 12(b)(4) Request of Notice

Pursuant to Rule 12(b)(4), defendants request that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use. The Government has not responded to this request.

This request is hereby **granted**.

      F.      Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report. Once again, the Government fails to directly respond to this request in any way.

This request is **granted**.

III.     Brady Material

The defendants next have requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's acknowledges in its written response its continuing duty under Brady v. Maryland and its willingness to produce impeachment Brady material pursuant to the District Court's pretrial Order (Docket No. 314, Gov't Response at 40-43).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents

can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); Green, supra, 144 F.R.D. 631.

Despite the number of defendants named, the instant case does not appear to be unusually complex, since each defendant's role in general is limited to that defendant's conversation(s) with the principal defendants (Peace, Patrick Perry, or Crosby).  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

V.	Rules 404, 608 and 609 Evidence and Rule 807 Residual Exception Statements

    A.	Federal Rules of Evidence 403, 404, 608, 609

The defendants request disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). They also request disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a).

Rule 404 requires that each defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government has represented that it intends to use the criminal histories, to the extent permitted by Rule 609, and prior involvement of these defendants in distribution of controlled substances and will provide all such material to the defendants at the time the Government files its pretrial memorandum in this case (Docket No. 314, Gov't Response at 39).  This **is sufficient** in this case.

As with Putnam's motion for Rule 609 disclosure (Docket No. 475, Order at 10), the Government has represented that it intends to use the criminal histories, to the extent permitted by Rule 609, and prior involvement of these defendants in distribution of controlled substances and will provide all such material to the defendants at the time the Government files its pretrial memorandum in this case (Docket No. 314, Gov't Response at 39). This **is sufficient** in this case.

B.   Rule 807 Residual Exception Statement

Like Putnam (Docket No. 248, Def. Atty. Aff. ¶¶ 26-28), the moving defendants also sought pretrial notice under Federal Rule of Evidence 807 of any residual hearsay evidence the Government intends to introduce at trial. The Government did not address this issue. The Government **shall furnish** that notice as ordered by the District Judge in his final Pretrial Order (see Docket No. 475, Order at 10).

VI.   Identity of Informants

The defendants next seek the pre-trial disclosure of the identity of any informants in this case. The Government objects and states that this additional production is unwarranted given production to defendants of wiretap applications and the information contained therein (Docket No. 314, Gov't Response at 17). Any identification or impeachment information about informants will be produced when the Government furnishes its Jencks Act materials (id. at 18).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa,

904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). The moving defendants have not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

VII.     Preservation of Evidence

Some of the defendants have also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The Government has agreed to preserve all items of evidence (Docket No. 314, Gov't Response at 51).

VIII.    Disclosure of Jencks Material

The defendants next seek immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500. The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial. In this case, the Government has agreed to disclose this information pursuant to the District Court's pretrial Order (Docket No. 314, Gov't Response at 43). The defendants have not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case; thus the Government's proposed production schedule **suffices**.

IX.      Disclosure of Grand Jury Transcripts

Crosby (Docket No. 291, Motion at 9) seeks disclosure of the Grand Jury transcripts. The Government counters that only general unsubstantiated or speculative allegations were made in support of the motions to produce these transcripts and thus disclosure is not warranted (Docket No. 314, Gov't Response at 50).

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury matter at the request of the defense who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury. The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions that it directs," id. Defendants had to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988) (id. at 9); see United States v. Twersky, No. S2 92 Cr. 1082, 1994 U.S. Dist. LEXIS 8744, at *14-16 (S.D.N.Y. June 29, 1994) (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss indictment).

Here, Crosby has not shown particularized need for disclosure to outweigh the secrecy of Grand Jury proceedings. Therefore, this motion is **denied**.

X.      Government's Reciprocal Discovery Request

Finally, the Government cross-moves for reciprocal discovery from defendants (Docket No. 314, Gov't Response at 53-54), without any apparent objection by any defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendants are reminded of their respective obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 314, Gov't Response at 53-54) is **granted**.

## CONCLUSION

For the reasons stated above, defendants' omnibus motions (as listed in the text of this Order) are **granted in part, denied in part**, as discussed above. In particular, defendants' motions for filing of Bills of Particulars is **granted**.

The Government's reciprocal motion for discovery from defendants (Docket No. 314, Gov't Response at 53-54) is **granted**.

So Ordered.

/s/ Hugh B. Scott<br>Hon. Hugh B. Scott<br>United States Magistrate Judge

Dated:  Buffalo, New York
       June 24, 2011