```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                                                     **Hon. Hugh B. Scott**

                    v.

                                                    08CR186A

                                                       **Order**

JEROME CROSBY, et al.,

                  Defendants.

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 8, Aug. 8, 2008; see also text minute entry Jan. 29, 2013 (referring matter back after arraignment on Second Superseding Indictment)).

      The instant matters before the Court are the remaining defendants' second[1] set of omnibus motions (Docket Nos. 938 (Jerome Crosby), 936 (Patrick Perry), 937 (Wallace Peace)) which seeks various discovery and disclosure relief. Responses to these motions were due by June 19, 2013, with argument finally set for June 25, 2013 (Docket No. 905; see also Docket No. 856). Crosby also now moves to suppress evidence (Docket No. 938). This motion will be addressed in separate Report and Recommendations.

---

[1] These defendants earlier filed omnibus motions under the earlier version of the Indictment, Docket Nos. 292, Jerome Crosby; 257, Patrick Perry; 249, Wallace Peace. While in this case, other defendants also moved for discovery relief. This Court resolved this first set of motions, see Docket No. 624.

The Government has filed responding papers (Docket No. 939), including a reciprocal motion for discovery (id. at 25), and oral argument was heard as to Peace's motion on June 25, 2013, and other motions were deemed submitted on papers on that date (Docket No. 943). The Government notes its pretrial submissions (Docket Nos. 819-21) made prior to the entry of the Second Superseding Indictment (Docket No. 939, Gov't Response at 1).

**BACKGROUND**

This case now involves four defendants (Docket No. 849, Second Superseding Indict.). In earlier stages of this case, there were up to thirty defendants in this case, arising from a Drug Enforcement Administration ("DEA") and Buffalo Police Department investigation of alleged drug trafficking and related criminal activities of Wallace Peace, Patrick Perry, and Jerome Crosby from January to July 29, 2008.

The Government once characterized (see Docket No. 314, Gov't Response at 2) this case as arising from an extensive narcotics trafficking investigation, where the Grand Jury initially returned an 86-count Indictment (Docket No. 1) against 27 defendants. Later that Indictment was superseded by a 109-count Indictment (Docket No. 190) against 30 defendants, and now to a 38-count Second Superseding Indictment against the present 4 defendants[2]. Count 1 of this Second Superseding Indictment charges Crosby, Perry, Peace, and Antoine Callahan[3] with conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Counts 2-35 in the Second Superseding Indictment allege use

---

[2]Throughout this case, other defendants have entered guilty pleas.

[3]This Court recused as to this defendant, text minute entry, Feb. 11, 2009, and pretrial proceedings for him are now before Magistrate Judge Schroeder. Callahan's omnibus motion, Docket No. 930, is pending before Magistrate Judge Schroeder.

of communication facilities to commit a drug felony, violations of 21 U.S.C. §§ 841(a)(1), 846, over various dates listed in the Indictment as a table of defendants, the dates and times of their alleged felonious conversations (hereinafter the "telephone counts") (Docket No. 849, 2d Superseding Indict., counts 2-35). Peace was also charged as a felon in possession of a firearm, possession of firearm in furtherance of drug trafficking, and as a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(c)(1), 922(g)(1), 924(a)(2) (id., counts 36-38).

In April 2008, the DEA with the Buffalo Police Department investigated the alleged criminal activities of Peace and his criminal associates (Docket No. 314, Gov't Response at 3). In June and July of that year, Buffalo Police officers and DEA agents obtained New York State eavesdrop orders for telephones used by Peace, Patrick Perry and Crosby (id. at 3, 2). The Government contends that the evidence from this investigation would show that Peace headed "an active cocaine distribution organization operating in and around Buffalo," that he handled day-to-day distribution as well as directing a group of youths to conduct home invasions and robberies of rival drug dealers (id. at 4). Peace also allegedly trafficked in weapons and contacted other drug suppliers, such as Patrick Perry (id. at 4-5). The investigation revealed that Patrick Perry had a supplier, Jerome Crosby, who had been traveling to New York City in June and July 2008 to acquire kilogram quantities of cocaine (id. at 5). Arrest and search warrants were executed on July 29, 2008 (id.).

On June 24, 2011, this Court issued a Report and Recommendation (Docket No. 623 (Report & Recommendation)) and an Order (Docket No. 624 (Order)) on the defendants' earlier series of omnibus motions; familiarity with these papers is presumed.

3

According to the Government, the Second Superseding Indictment amends the charges related to the amounts of crack cocaine that allegedly was the object of the conspiracy and eliminates a large number of formerly alleged telephone counts and the money laundering count against Crosby (Docket No. 939, Gov't Response at 1-2; see Docket No. 849, 2d Superseding Indict.). Upon the arraignment under the Second Superseding Indictment, defendants filed the present motions, some of which request relief previously considered under earlier versions of the Indictment (see Docket No. 936, Perry Atty. Affirm. ¶ 6, incorporating by reference earlier omnibus motion papers). Defendants have not formally sought reconsideration of any prior rulings. These defendants now seek the same relief in most instances, with Crosby and Perry expressly moving to join their respective codefendants' motions (Docket Nos. 938, Crosby Atty. Affirm. ¶ 137; 936, Perry Atty. Affirm. ¶ 50). Peace only expressly moves for severance, for production of Brady material, and for discovery (Docket No. 937). For convenience, this Court will address motions as if each defendant seeks relief. The Government also notes that defendants were reminded that pretrial litigation has been concluded and that any motions on the Second Superseding Indictment would only supplement motions already made (Docket No. 939, Gov't Response at 2) and that this Court should not relitigate issues previously decided (id. at 3).

## DISCUSSION

I.  Effect of Superseding Indictment on Prior Rulings in this Case

An inspection of the docket from this 2008 case reveals extensive motion practice and the Indictment being superseded twice. Not addressed by the parties is the effect of previous Orders on motions filed under earlier iterations of the Indictment to the present motions before this Court. The law of the case doctrine applies here to uphold these prior Orders, barring an

intervening change in law, newly discovered evidence, or clear error or manifest injustice, to "avoid reconsideration of issues already decided in the same proceeding even though there has not yet been a final judgment," see United States v. Iorio, No. 1:CR-08-0068, 2008 WL 4006726, at *3 (M.D. Pa. Aug. 26, 2008) (court denied defendant's motion to dismiss a count in an Indictment reasserted in a Superseding Indictment when a similar count had been dismissed in the prior pleading) (citing 18B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478.1 (2d ed. 1987)). In United States v. Dunn, No. 1:09-CR-320-TCB-GGB, 2010 WL 3368129, at *3 (N.D. Ga. July 26, 2010) (Brill, Mag. J.), the district court held that "a superseding indictment does not give a defendant the right to re-litigate a motion to suppress when the superseding indictment raises no new issues regarding the legality of the seizure of evidence. The court's previous order is the law of the case" (citing United States v. O'Neill, 52 F. Supp. 2d 954, 965-66 (E.D. Wis. 1999) (denying in effect reconsideration of denied motion to suppress wiretap evidence).

The prior decisions under earlier versions of the Indictment are law of the case in this prosecution. There has been no intervening change in the law or newly discovered evidence here. The allegations in the Second Superseding Indictment do not change the discovery issues raised in these motions. The new Indictment reduces the scope of the crimes already alleged. It would not be a clear error or manifest injustice to reconsider these already decided issues. In light of this, defendants' motions under the Second Superseding Indictment will be considered.

II.     Bill of Particulars

First, defendants move for the filing of Bills of Particulars as to their respective roles in this case. Defendants seek specifics as to the amounts and types of controlled substances the

5

parties allegedly conspired to distribute or discussed in the telephone conversations cited in the telephone counts (Docket No. 936, Perry Atty. Affirm. ¶¶ 13, 14; Docket No. 938, Crosby Atty. Affirm. ¶¶ 6-27). As applied to the Second Superseding Indictment, the Government rejects the necessity for Bills, arguing that defendants did not advance any facts to show how further particularization would help prepare their defenses (Docket No. 939, Gov't Response at 4; cf. Docket No. 314, Gov't Response to initial Motions at 10-16). Because of the voluminous discovery provided to defendants, other disclosures made during the course of the investigation, and "the relatively straightforward and uncomplicated (albeit extensive) nature of the charges against him, the defendant's requests for further particularization beyond that which has already been provided should be denied in their entirety" (Docket No. 939, Gov't Response at 8). As for Perry seeking particularization of the remaining telephone counts (Docket No. 936, Perry Atty. Affirm. ¶ 14), the Government argues that the charges were sufficiently alleged and that particularization is not necessary (Docket No. 939, Gov't Response at 9, 12).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Bill provides a minimum of information to a defendant to allow the defendant to conduct his or her own investigation, United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed,"

United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases, United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

As previously noted in addressing defendant William Putnam's[4] Motion granting him particularization (Docket No. 475, Order of Nov. 3, 2010, at 5), Count 1 in the Second Superseding Indictment alleges as its predecessor pleadings that the defendants did knowingly, willfully, and unlawfully combine, conspire, and agree together with others, known and unknown, to possess with intent to distribute quantities of cocaine (Docket No. 849, 2d Superseding Indict., Count 1; see Docket No. 190, Superseding Indict., Count 1) alleging a greater quantity of cocaine in the Second Superseding Indictment. Nowhere does it allege the means, locations (save within this District and "elsewhere"), or the role of any particular defendant (or the unnamed others) in this conspiracy. The next thirty-four counts lists telephone conversations among the named defendants in furtherance of the possession of cocaine for distribution (Docket No. 849, 2d Superseding Indict., Counts 2-35), with subsequent counts alleging individual defendants' possession of weapons while engaging in drug transactions or possession of weapons by convicted felons (id., Counts 36-38). Count 1 presents a vague allegation of a conspiracy. Despite superseding this Indictment twice, the present charges under Counts 1-38 are no more amplified than the earlier versions of these allegations under the initial Indictment or first Superseding Indictment. The only difference from the earlier decision on the motions for Bills of Particulars (cf. Docket No. 624, Order of June 24, 2011, at 4-6) is the fact that the Government filed, prior to filing the Second Superseding Indictment, a pretrial

---

[4]Putnam pled guilty, Docket No. 476; text minute entry Nov. 4, 2010.

Memorandum (Docket No. 820) and other pretrial submissions (Docket No. 819 (proposed jury instructions) and No. 821 (Government witness list)) which outlines the allegations against each defendant. The only difference between this Memorandum and a Bill of Particulars is that, as an amplification of the Indictment, see United States v. Giamo, No. 09CR310, 2011 WL 5880827, at *2 (W.D.N.Y. Nov. 23, 2011) (Scott, Mag. J.); United States v. Dean, No. 08CR212, 2008 WL 4826319, at *2 (W.D.N.Y. Nov. 4, 2008) (Scott, Mag. J.), the Bill of Particulars formally binds the Government to prove the particulars, see United States v. Jordan, 890 F.2d 247, 252 (10th Cir. 1989), whereas a legal memorandum does not, see United States v. Fruehauf, 365 U.S. 146, 158 (1961). Upon review of the Second Superseding Indictment and the Government's pretrial submissions (Docket Nos. 819-21) in this case, this Court now finds that defendants **are not entitled** to a Bill of Particulars; defendants' motions are **denied**.

III.  Discovery

All moving defendants seek various items of pretrial discovery, with Crosby listing most of the categories of discovery and disclosure sought (Docket No. 938, Crosby Atty. Affirm. ¶¶ 29-105). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

A. Statements

Pursuant to Rule 16(a)(1)(A), the defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[5] Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of a constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented generally that extensive discovery has been furnished and further disclosure is not necessary (Docket No. 939, Gov't Response at 8; see Docket No. 314, Gov't Response at 11). To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendants.

B. Statements of Co-Conspirators

Crosby next has requested production of all statements of any co-conspirator, whether charged or uncharged (Docket No. 938, Crosby Atty. Affirm. ¶ 47). This request is **denied**. It is well established that the statements of co-conspirators are not discoverable under Rule 16(a), In re United States, 834 F.2d 283, 286 (2d Cir. 1987); United States v. Percevault, 490 F.2d 126 (2d

---

[5]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.). The Jencks Act provides the exclusive procedure for discovering statements that Government witnesses have given to law enforcement agencies. United States v. Covello, 410 F.2d 536, 543 (2d Cir.), cert. denied, 396 U.S. 879 (1969).

    C.    Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendants also seek production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government. The items **must be turned over to the defense**, to the extent these items have yet to be produced.

    D.    Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendants have requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the indictment. The Government has responded that "[a]ll laboratory tests involved in this case have been disclosed."

The Court assumes that the Government's production has satisfied the defendants' request in this regard.

    E.    Rule 12(b)(4) Request of Notice

Pursuant to Rule 12(b)(4), defendants request that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use. The Government has not responded to this request.

This request is hereby **granted**.

F.  Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report. Once again, the Government fails to directly respond to this request in any way.

This request is **granted**.

G.  Grand Jury Materials

Crosby next seeks summarized or hearsay testimony used before the Grand Jury that issued the Second Superseding Indictment and the legal instructions given to that panel (Docket No. 938, Crosby Atty. Affirm. ¶¶ 54, 55; see also Docket No. 291, Crosby Original Omnibus Motion, at 9 (seeking disclosure of Grand Jury minutes); Docket No. 624, Order of June 24, 2011, at 12-13 (denying Crosby's earlier motion)). Peace also seeks the additional evidence presented to the Grand Jury that issued this Second Superseding Indictment (filed January 17, 2013, Docket No. 849), since that Indictment charged Peace with conspiracy to distribute 280 grams of cocaine and cocaine base although the Government's pretrial Memorandum (of October 25, 2012, Docket No. 820, Gov't Pretrial Memo. at 14-19) alleges that Peace only sold 141 grams in four controlled purchases (Docket No. 937, Peace Atty. Affirm. ¶ 11). As previously stated, the Government described the reason for the Second Superseding Indictment was to correct the amount of cocaine and crack cocaine that was the object of the conspiracy (Docket No. 939, Gov't Response at 1).

As previously held (Docket No. 624, Order of June 24, 2011, at 13), under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury

matter at the request of the defense who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury. The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions that it directs," id. Defendants had to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988) (id. at 9); see United States v. Twersky, No. S2 92 Cr. 1082, 1994 U.S. Dist. LEXIS 8744, at *14-16 (S.D.N.Y. June 29, 1994) (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss indictment).

Here, Crosby has not shown particularized need for disclosure, even though this is a superseded pleading considered by the Grand Jury, to outweigh the secrecy of Grand Jury proceedings. Therefore, his motion (Docket No. 938) is **denied**. As for Peace, the Second Superseding Indictment amended the charges related to the amounts of crack cocaine that allegedly was the object of the conspiracy to conform the allegation to federal law (Docket No. 939, Gov't Response at 1), see 21 U.S.C. § 841(b)(1)(A)(iii) (280 grams or more of mixture containing cocaine base). As a result, Peace has not shown particularized need to overcome the secrecy of Grand Jury proceedings to warrant production of Grand Jury materials; Peace's motion to produce is also **denied**.

IV.  Brady Material

All defendants next have requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. This Court previously granted in part, denied in part, these defendants' Brady motion

12

(Docket No. 624, Order of June 24, 2011, at 9-10). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness," United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government acknowledges in its written response its continuing duty under Brady v. Maryland and its willingness to produce impeachment Brady material pursuant to the District Court's pretrial Order (Docket No. 939, Gov't Response at 14, 15-16; see also Docket No. 314, Gov't Response at 40-43).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided," United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); Green, supra, 144 F.R.D. 631.

As presently pled, and unlike when this Court first considered Brady relief (cf. Docket No. 624, Order of June 24, 2011, at 9-10), the instant case does not appear to be unusually complex. The case has been reduced to the actions of four defendants (Peace, Patrick Perry, Crosby, and Callahan). Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

V.     Rules 404, 608 and 609 Evidence

Perry next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). He also renews his request for disclosure of all evidence of prior bad acts that the Government intends to use for impeachment against him should he testify at trial, pursuant to Rules 608(b) and 609(a). (Docket No. 936, Perry Atty. Affirm. ¶¶ 15, 16.)

Rule 404 requires that each defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented in its initial response to a similar motion that it intends to use the criminal histories, to the extent permitted by Rule 609, and prior involvement of these defendants in distribution of controlled substances and will provide all such material to the defendants at the time the Government files its pretrial memorandum in this case (Docket No. 314, Gov't Response at 39; see also Docket No. 939, Gov't Response at 2, incorporating prior responses). This **is sufficient** in this case (see also Docket No. 624, Order of June 24, 2011, at 10-11).

14

VI.     Identity of Informants

Crosby and Perry next seek the pre-trial disclosure of the identity of any informants in this case (Docket No. 938, Crosby Atty. Affirm. ¶¶ 106-08; Docket No. 936, Perry Atty. Affirm. ¶¶ 40-47). Perry stresses that this disclosure is "critically important" (Docket No. 936, Perry Atty. Affirm. at 23 n.1) given the Government's pretrial memorandum (cf. Docket No. 820, Gov't Memo. at 13-14) discussing confidential source "CS-3" and that person's identification of Perry. The Government now argues that disclosure is unwarranted at this point but any identification or impeachment information about informants will be produced when the Government furnishes its Jencks Act materials (Docket No. 939, Gov't Response at 12-13; see Docket No. 314, Gov't Response at 18).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). The moving defendants have not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

VII.    Preservation of Evidence

Perry next has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 936, Perry Atty. Affirm. ¶ 49; see Docket No. 254, Perry Atty. Affirm. at 23-25 (for first omnibus motion)). The Government has instructed agents

to preserve rough notes (Docket No. 939, Gov't Response at 23; see also Docket No. 314, Gov't Response at 51). This **suffices**.

VIII.   Disclosure of Jencks Material

Defendants (primarily Perry, Docket No. 936, Atty. Affirm. ¶ 38; see Docket No. 254, Perry Atty. Affirm. ¶¶ 46-48) next seek immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500. The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial. In this case, the Government has agreed to disclose this information pursuant to the District Court's pretrial Order (Docket No. 314, Gov't Response at 43; see also Docket No. 939, Gov't Response at 2, incorporating prior responses). The defendants have not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case; thus the Government's proposed production schedule **suffices**.

IX.     Conspiracy Hearing

Crosby and Perry next move for a conspiracy hearing, arguing that the Government may seek to introduce statements of alleged co-conspirators under Federal Rule of Evidence 801(d)(2)(E) and defendants seek a hearing pursuant to Bourjaily v. United States, 483 U.S. 171 (1987) (Docket No. 938, Crosby Atty. Affirm. ¶ 111; Docket No. 936, Perry Atty. Affirm. ¶ 39). They also seek suppression under 18 U.S.C. § 2518(10)(a) for any wiretap obtained material from co-conspirators and a Franks[6] hearing (Docket No. 936, Perry Atty. Affirm. ¶ 39; Docket No. 938, Crosby Atty. Affirm. ¶ 111). The Government responds that defendants seek a James

---

[6]Franks v. Delaware, 438 U.S. 154 (1978).

16

hearing, see United States v. James, 590 F.2d 575 (5th Cir. 1979) (en banc), that is not applicable in the Second Circuit and an evidentiary hearing is not mandated, cf. United States v. Geaney, 417 F.2d 1116, 1119-20 (2d Cir. 1969), cert. denied sub nom. Lynch v. United States, 397 U.S. 1028 (1970) (Docket No. 939, Gov't Response at 23).

Prior to admitting a co-conspirator's statement over defense objection that it does not qualify under Federal Rule of Evidence 801(d)(2)(E), this Court "must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy,'" Bourjaily, supra, 483 U.S. at 175 (quoting Fed. R. Evid. 801(d)(2)(E) (1987)). The admissibility of this testimony is best decided by the trial Court, see United States v. Mastropieri, 685 F.2d 776, 788 n.10 (2d Cir. 1982). Whether to conduct such a hearing thus is **deferred to the District Judge**.

X.   Other Motions

Crosby and Peace each move for severance. Again, these motions are better addressed by the District Judge prior to trying this case and **are deferred for consideration by Judge Arcara**.

XI.  Government's Reciprocal Discovery Request

Finally, the Government cross-moves for reciprocal discovery from defendants (Docket No. 939, Gov't Response at 25; see also Docket No. 314, Gov't Response at 53-54), without any apparent objection by any defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendants are reminded of their respective obligations under Rule 16 to produce pursuant to the

17

Government's notice for discovery, therefore, the Government's motion (Docket No. 939, Gov't Response at 25) is **granted**.

## CONCLUSION

For the reasons stated above, defendants' omnibus motions (Docket Nos. 936-38) are **granted in part, denied in part**, as discussed above. The Government's reciprocal motion for discovery from defendants (Docket No. 939, Gov't Response at 25; see also Docket No. 314, Gov't Response at 53-54) is **granted**.

So Ordered.

/s/ Hugh B. Scott<br>Hon. Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
    July 3, 2013